UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROBERTO THOMPSON,                              :
                                               :     **<u>ORDER DENYING MOTION</u>**
                            Thompson,          :     **<u>FOR RECONSIDERATION</u>**
                                               :
              -against-                         :     09 Civ. 1966 (AKH)
                                               :
UNITED STATES OF AMERICA,                       :
                                               :
                            Respondent.         :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner Roberto Thompson, proceeding *pro se*, moves for reconsideration of an order denying his petition for a writ for habeas corpus. Thompson argues that the order should be reconsidered because, contrary to this Court's conclusion, the indictment was jurisdictionally defective and he received ineffective assistance of counsel. For the reasons stated below, the motion is denied.

## I.     <u>BACKGROUND</u>

       On September 11, 2004, Thompson and an accomplice robbed a small grocery store at gunpoint in the Bronx, New York. At trial, he was found guilty of committing a robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and of possessing, using, and discharging a firearm in furtherance of and in relation to that robbery in violation of 18 U.S.C. § 924(c). He was also found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Thompson was sentenced to a term of 207 months' imprisonment. He exhausted his appeals and, on March 4, 2009, he filed a petition for writ of habeas corpus.

       In his petition, Thompson argued that the federal trial court lacked subject matter jurisdiction because the indictment failed to charge an interstate element to the robbery and failed to allege facts that would establish the robbery's effect on interstate commerce. He also

argued that his trial attorney was ineffective for (1) failing to object to the indictment, (2) waiving the right to an indictment within thirty days, (3) stipulating that the firearm used in the robbery was transported through interstate commerce, (4) and failing to object to the jury instructions.  He also argued that the arrest warrant was issued in violation of his due process rights.

On July 6, 2010, I issued an order denying the petition on each of the grounds asserted.  Order Denying Petition for Writ of Habeas Corpus, Thompson v. United States, 09 Civ. 1966 (AKH) (S.D.N.Y. July 6, 2010).  On August 24, 2010, Thompson moved for reconsideration.

## II.   DISCUSSION

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances."  Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).  Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice."  Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004).  A motion for reconsideration is not an opportunity to reargue that which was previously decided.  Shrader, 70 F.3d at 257.

Under Local Civil Rule 6.3, a motion for reconsideration must be filed no later than fourteen days "after the entry of the court's determination of the original motion."

Thompson's motion is untimely.  Thompson moves for reconsideration of the July 19, 2010 order denying his petition.  Under Local Civil Rule 6.3, he had fourteen days, or until

August 2, 2010, to file his motion.  The motion was not filed until August 24, 2010.

Accordingly, the motion is denied as untimely.

Petitioner's motion is also denied on the merits.   Thompson raised, and I fully

considered, the argument that the indictment was jurisdictionally defective for failing to allege an

interstate element of the robbery, or for failing to allege facts sufficient to establish an interstate

nexus.  This argument was raised by the parties, fully considered and rejected by the Court.

Order Denying Petition for Writ of Habeas Corpus, Thompson v. United States, 09 Civ. 1966

(AKH), at 3-6.  Petitioner fails to identify any "controlling decisions or data that the court

overlooked."  Shrader, 70 F.3d at 257.

Thompson also argues that his trial attorney was ineffective "for failing to object

to the constructive amendment of his indictment during his jury instructions" and that this Court

erred in concluding that the "indictment did not include a secondary liability charge."  Mtn. for

Reconsideration at 3.  Thompson raised, and I rejected, the argument that his attorney was

ineffective for failing to object to the jury instructions.    Order Denying Petition for Writ of

Habeas Corpus, Thompson v. United States, 09 Civ. 1966 (AKH), at 9.  Moreover, Thompson's

contention that the indictment included a secondary liability charge is incorrect.  Thompson was

charged as a principal under 18 U.S.C. § 2.  Section 2 does not provide for aiding and abetting

liability.[1]  The Court correctly held that the indictment did not charge Thompson with secondary

liability.  Accordingly, reconsideration is not warranted.

---

[1]        18 U.S.C. § 2 provides:

Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels,
commands, induces or procures its commission, is punishable as a principal.

## III.   CONCLUSION

For the reasons stated, Thompson's motion for reconsideration is denied.  Since Petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002).

The Clerk shall mark the motion (Doc. No. 7) terminated and the case closed.

SO ORDERED.

Dated:      September 7, 2010
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.